UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR50 HEA |
| ) | |
| ROBERT CONNER, ROBERT BAKER, ) | |
| WILLIAM HART, JERRY BROWN, ) | |
| MAX DAVIS and JOHN BOWMAN, ) | |
| ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Order and Report and Recommendation, and accompanying Memorandum, of United States Magistrate Judge Thomas C. Mummert, III, [Doc. No. 225], pursuant to 28 U.S.C. § 636(b), in which Judge Mummert recommends that Defendants Baker, Hart, Bowman, and Brown's Motions to Suppress Statements, [Doc. No.'s 163, 185, 179, and 182], be denied; that Defendants Hart and Brown's Motions to Suppress Evidence, [Doc. No.'s 185 and 182], be denied; that Defendant Conner's Motion to Dismiss Multiplicitous Counts, [Doc. No. 173], be denied; and that Defendant Hart's Motion for Severance, [Doc. 169] be denied. Defendants Baker and Hart have filed Objections to the Report and Recommendation. Defendants Conner and Davis have

not filed any objections within the prescribed time period.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to the audio recordings of the hearing held on March 26, 2007.

**Discussion**

The sole objection Defendant Baker raises is the finding of fact by Judge Mummert in Paragraph 1 on page 2 of the Memorandum. Judge Mummert found that "special Agent Bush interviewed Baker, Hart, and Bowman knowing each had some business dealing with [Defendant] Conner which resulted in bank loans. However, Special Agent Bush did not know prior to these interviews that any of the three Defendants were, in fact, implicated in the illegal bank fraud scheme."

Baker objects to this finding arguing that Bush had in fact considered Baker as a "possible investigative target" "for which his sole purpose in interviewing him was to glean as much information as needed to complete his investigation, including incriminating information for which Special Agent Bush intended on using when

presenting his case to the United States Attorney's Office."

Defendant Hart objects to Judge Mummert's synopsis of Defendant's initial contact with Special Agent Bush. Defendant argues that Judge Mummert concludes that the interview of Defendant Hart by Special Agent Bush was voluntary and was not coerced even though Special Agent Bush knew and had concluded beforehand that Hart was an alleged suspect implicated in the alleged bank fraud/credit card scheme. Hart argues that Bush's investigative goal was to gather as much information as necessary to pursue a criminal case against Defendnat Hart, in an effort to secure incriminating information -and/or to secure a confession from Hart, which he could then provide tho the United States Attorney's office. Hart argues that Bush knew that if he had told Hart that he [Hart] was a target, suspected of engaging in a scheme to defraud the bank, Bush either would have had to provide Hart with his *Miranda*[1] warnings before interviewing/interrogating and/or obtaining a statement, or Hart would have likely exercised his constitutional right not to speak to him, or would have requested the presence of an attorney.

A consensual encounter does not implicate the Fourth Amendment. *United States v. Hathcock,* 103 F.3d 715, 718 (8th Cir.1997). "Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." *United States v. Vera,* 457 F.3d 831, 834 (8th Cir.2006), *quoting United States v. Drayton,* 536 U.S. 194, 200, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002). "Mere police questioning does not constitute a seizure." *United States v. Barry,* 394 F.3d 1070, 1074 (8th Cir.2005), *quoting Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *Hathcock,* 103 F.3d at 719; *United States v. Slater,* 411 F.3d 1003, 1005 (8th Cir.2005). A consensual encounter becomes a seizure implicating the Fourth Amendment when, considering the totality of the circumstances, the questioning is "so intimidating, threatening, or coercive that a reasonable person would not have believed himself free to leave." *Hathcock,* 103 F.3d at 718, *quoting United States v. McKines,* 933 F.2d 1412, 1419 (8th Cir.1991) (en banc); *see also Johnson,* 326 F.3d at 1021; *INS v. Delgado,* 466 U.S. 210, 216, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984).

> The court considers
>
> the totality of the circumstances, "not one particular detail," to determine whether a seizure occurred. *See Johnson,* 326 F.3d at 1022. Factors indicating a seizure are: the presence of several officers, a display of a weapon by an officer, physical touching of the person, or the "use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Hathcock,* 103 F.3d at 718-19, *quoting United States v. White,* 81 F.3d 775, 779 (8th Cir.1996);

> *Barry,* 394 F.3d at 1075. A seizure occurs when the officer, "by means of physical force or show of authority, has in some way restrained the liberty" of a suspect. *Id.* at 1074, *quoting Terry,* 392 U.S. at 19, 88 S.Ct. 1868.
>
> The question is whether by the totality of the circumstances, [Defendants'] liberty was restrained in such a way that a reasonable person would not feel free to leave. This " 'reasonable person test' presupposes an innocent person." *Id.* at 1075, *quoting Bostick,* 501 U.S. at 438, 111 S.Ct. 2382.

*U.S. v. Flores-Sandoval* 474 F.3d 1142, 1145 (8th Cir. 2007).

Both Defendants' objections are without merit. Neither defendant was in "custody" and therefore neither needed to be advised of his *Miranda* warnings. Both Defendants spoke with Bush voluntarily, and neither was under arrest prior to, during the interview, nor was either arrested after the interview. Neither was subjected to coercive treatment, nor was either restrained or intimidated. Both Defendants could have ended the interview at any time.

Defendant Hart also objects to Judge Mummert's finding that severance is not warranted at this time. Defendant vaguely argues that he will be subjected to "guilt by association." Defendant has failed to establish at this point that there is a serious risk that a joint trial would compromise his specific trial rights. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Court agrees with Judge Mummert's thorough analysis and well-reasoned conclusion that at this time, severance is not

required.  Defendant's objection is overruled.

Based upon the foregoing, Defendants' objections are overruled and the Court adopts Judge Mummert's Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Baker, Hart, Bowman, and Brown's Motions to Suppress Statements, [Doc. No.'s 163, 185, 179, and 182], be denied; that Defendants Hart and Brown's Motions to Suppress Evidence, [Doc. No.'s 185 and 182], be denied; that Defendant Conner's Motion to Dismiss Multiplicitous Counts, [Doc. No. 173], be denied; and that Defendant Hart's Motion for Severance, [Doc. 169] be denied without prejudice.

Dated this 1st day of May, 2007.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE